UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LAWRENCE J. JONAITIS, | Case No. 1:07-cv-1002 |
| Plaintiff, | HONORABLE PAUL MALONEY |
| v. | |
| JULIE MORRISON, in her personal and official capacity, and DAVID T. COYLE, in his official capacity, | |
| Defendants. | |

## Opinion and Order

### Granting the Defendants' Motion to Dismiss
### Denying as Moot the Defendants' Motion for Summary Judgment

In 2007, plaintiff Lawrence J. Jonaitis, a Michigan resident, was charged with three criminal offenses under Michigan state law: operating a motor vehicle while intoxicated - third offense; driving under a suspended, denied or revoked licensed - second offense; and operating a motor vehicle while intoxicated - second offense. *See* Comp., App. C at 1.

On October 4, 2007, proceeding *pro se* (without a lawyer), Jonaitis filed the instant complaint against Julie Morrison, then an administrator with the Branch County District Court, and the Honorable David T. Coyle, then a judge of that same court. Invoking title 42 U.S.C. § 1983, a federal civil rights statute, Jonaitis alleges that Judge Coyle and Ms. Morrison violated his constitutional rights of free access to the courts and equal protection of the laws by being inaccessible, *see* Comp. ¶¶ 13-15 – specifically, by refusing to timely and properly file documents that he submitted for filing with that court, *see* Comp. ¶ 16. Jonaitis alleges that Morrison, perhaps

acting at the behest of Judge Coyle, deliberately failed to accord his proposed filings the same treatment as filings by the prosecution, motivated by the desire to see Jonaitis convicted of the aforementioned charges. *See* Comp. ¶¶ 16-18.

On October 25, 2007, the defendants timely filed a motion to dismiss the complaint or in the alternative for summary judgment. The defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. The defendants also urge the court to abstain from exercising jurisdiction even if jurisdiction exists. Finally, the defendants contend that the doctrines of qualified immunity and absolute judicial immunity preclude the awarding of any relief against these defendants. On November 14, 2007, Jonaitis timely filed a response brief opposing the motion, but the response did not cite any case law or other legal authority, nor did it substantively discuss any purported defects in the grounds for dismissal advanced in the defendants' motion brief. The defendants did not file a reply brief, and the time for them to do so has expired.

For the reasons that follow, the court will grant the defendants' motion to dismiss.

### DISCUSSION

**The State of Michigan's Sovereign Immunity Bars Jonaitis's Official-Capacity Claims.**

Invoking 42 U.S.C. § 1983, Jonaitis asserts access-to-the-courts and equal-protection claims against both Morrison and Judge Coyle in their official capacities. Under the doctrine of sovereign immunity, a State may not be named as a party defendant in an action in federal court. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 654 n.8 (6th Cir. 2007); *see, e.g., Walker v. Ohio Dep't of Rehab. & Correction*, 241 F. App'x 261, 265 (6th Cir. 2007) (McKeague, J.) ("The district court

correctly ruled that Walker's claim against the Department of Rehabilitation and Correction under 42 U.S.C. § 1981 is barred by the State's Eleventh Amendment immunity.") (citing, *inter alia*, *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999)). As our Circuit has explained,

> States are protected by the Eleventh Amendment even from suits brought under section 1983, because the statute only creates a cause of action against a "person" who causes a deprivation of another's Constitutional rights. *Suits against State officials in their official capacity for money damages are similarly barred, as a "suit against a State official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."*

*Hamilton's Bogarts*, 501 F.3d at 654 n.8 (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)) (emphasis added).

The same is not true for suits seeking only forward-looking injunctive relief; "a state official in his or her official capacity, when sued [only] for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Hamilton's Bogarts*, 501 F.3d at 654 n.8 (quoting *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 437 U.S. 159, 167 n.14 (1985))); *see also Ernst v. Rising*, 427 F.3d 351 (6th Cir. 2005) (en banc) (the states' sovereign immunity does not apply "if the lawsuit is filed against a state official for *purely* injunctive relief enjoining the official from violating federal law") (emphasis added); *Williams v. Commonwealth of Ky.*, 24 F.3d 1526, 1544 (6th Cir. 1994) ("The Eleventh Amendment does not bar § 1983 actions brought against state officials in their official capacities seeking *prospective* injunctive relief.") (emphasis added).

Jonaitis's complaint alleges that he is a resident of Michigan, and the defendants are officials of the State of Michigan. The Eleventh Amendment explicitly refers to the States' immunity from suits "commenced or prosecuted . . . by citizens of another State." U.S. CONST. AMEND. XI. However, the Supreme Court has made clear that the sovereign immunity of the States "neither

derives from nor is limited by the terms of the Eleventh Amendment," *Alden v. Maine*, 527 U.S. 706, 713 (1999), and that it extends to actions brought against a state by its own citizens. *Dixon v. Clem*, 492 F.3d 665, 673-74 (6th Cir. 2007) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)), *reh'g & reh'g en banc denied* (Nov. 23, 2007).

The prayer for relief in Jonaitis's complaint seeks not prospective injunctive relief but "the maximum Compensatory and Punitive damages as allowed by law" and a "Court order correcting all mistakes." Comp. ¶¶ 20-21. *Contrast Stringfield v. Graham*, 212 F. App'x 530, 535-36 (6th Cir. 2007) (reversing district court's judicial-immunity dismissal of claims for prospective injunctive relief, namely, nursing professor's official-capacity claims against state university dean seeking reinstatement and purging of negative information from personnel file). Consequently, this court holds that the State of Michigan's Eleventh Amendment and common-law sovereign immunity bar this court from entertaining Jonaitis's against both defendants in their official capacities.

Because Jonaitis has not sued Judge Coyle in his personal capacity, the dismissal of the official-capacity claims against Judge Coyle entitles Judge Coyle to dismissal of the entire complaint as to him.

**Morrison is Entitled to Absolute Quasi-Judicial Immunity in Her Personal Capacity.**

Jonaitis does purport to sue *Morrison* in her personal capacity, but the court holds that his personal-capacity claims[1] against Morrison are barred by the common-law doctrine of absolute quasi-judicial immunity.

---

[1] Quasi-judicial immunity applies only to claims made against a state official in his or her personal/individual capacity. *See Alkire v. Irving*, 330 F.3d 802, 810-11 (6th Cir. 2003) ("[A]s a result of being sued only in their official capacities, Sheriff Zimmerly and Judge Irving cannot claim any personal immunities, such as quasi-judicial or qualified immunity, to which they might be entitled if sued in their individual or personal capacities. 'The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 (1985)).

Judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless those actions are taken in the complete absence of any jurisdiction, *Johns v. Bonnyman*, 109 F. App'x 19, 21 (6th Cir. 2004) (citing *Mireles v. Waco*, 502 U.S. 19 (1991) and *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)), and Jonaitis does not contend that the state court completely lacked jurisdiction in the underlying state criminal prosecution.

While defendant Morrison is not a judicial or quasi-judicial officer but a court employee serving the judge and assisting in his judicial work, absolute judicial immunity still bars Jonaitis's claims against her under the circumstances. As our Circuit has held, "Absolute[2] judicial immunity has been extended to

---

[2]

The court acknowledges that Justices Scalia and Thomas have criticized the current doctrine of absolute quasi-judicial immunity, at least in the context of claims under 42 U.S.C. § 1983 to recover for discretionary violations of federal rights. Justice Scalia and Justice Thomas argue that the common law as it existed at the time of § 1983's enactment accorded *less-than-absolute* immunity to government employees who are not judicial officers or their equivalents but perform certain quasi-judicial functions:

> * * * I write separately because it would be a shame if our opinions did not reflect the awareness that our "functional" approach to 42 U.S.C. § 1983 immunity has produced some curious inversions of the common law as it existed in 1871, when § 1983 was enacted. * * *
>
> The common law recognized a "judicial" immunity, which protected judges, juror and grand jurors, members of courts-martial, private arbitrators, and various assessors and commissioners. That immunity was absolute, but it extended only to individuals who were charged with resolving disputes between other parties or authoritatively adjudicating private rights. *When public officials made discretionary policy decisions that did not involve actual adjudication, they were protected by "quasi-judicial" immunity, which could be defeated by a showing of malice, and hence was more akin to what we now call "qualified," rather than absolute immunity.*

*Kalina v. Fletcher*, 522 U.S. 118, 132 (1997) (Scalia, J., concurring, joined by Thomas, J.) (emphasis added); *see also Burns v. Reed*, 500 U.S. 478, 500 (1991) (Scalia, J., concurring in the judgment in part and dissenting in part, joined by Blackmun, J.) ("Quasi-judicial immunity, however, was qualified, i.e. [it] could be defeated by a showing of malice."). This view, however, is not currently the law, as it has never garnered the support of a majority of the Supreme Court or been endorsed by published Sixth Circuit precedent.

non-judicial officers who perform quasi-judicial duties. Quasi-judicial immunity extends to 'those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Johns*, 109 F. App'x at 22 (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)).

This court finds that processing documents submitted by a litigant, deciding whether[3], when, and how to file them, deciding whether a litigant has made a motion, and scheduling or not scheduling hearings on a purported motion, are quintessential quasi-judicial functions for this purpose.[4]

---

[3]

The defendants state that the documents mentioned by Jonaitis were in fact timely and properly filed and became part of the court's record in his criminal case. *See* Mot. at 6. Perusal of the record in the instant case seems to suggest that this claim is accurate. The exhibits attached to Jonaitis's complaint bear stamps purporting to show the date that they were filed before Judge Coyle. *See* Comp., App. A at 1 (Jonaitis's "Proof of Service" stating that he personally delivered a "Demand for Discovery" on the Branch County Prosecutor, bearing a stamp with file date June 20, 2007 and "David T. Coyle - District Judge") and App. B (Jonaitis's "Proof of Service" stating that he personally delivered a "Petition for Court Order" on the Branch County Prosecutor, bearing a stamp with file date August 24, 2007 and "David T. Coyle - District Judge"). Moreover, Jonaitis's opposition brief states, "I am at a loss as to who made the decision as to refuse to place my pleadings before the judge. *I realize that the pleadings are in the file*, but this matters none when the pleadings are not adjudicated but are simply ignored . . . ." Pl.'s Opp'n Br. at 1 (emphasis added).

The dismissal of Jonaitis's complaint on the grounds of sovereign immunity and quasi-judicial immunity, however, obviates the need for this court to make a finding as to whether Morrison or Coyle subjected Jonaitis's filings to the same rules as the prosecutor's filings.

[4]

Assuming *arguendo* that Judge Coyle directed Morrison to do something with regard to the filing of Jonaitis's submissions and that Morrison followed the Judge's instructions, that could be an additional basis for according absolute quasi-judicial immunity to Morrison against these claims, even if Judge Coyle conveyed his instructions verbally rather than by written order. "[A]n official is entitled to absolute quasi-judicial immunity when that official acts pursuant to a valid court order because the act of enforcing or executing a court order is intrinsically associated with a judicial proceeding." *Cooper v. Parrish*, 203 F.3d 937, 948 (6th Cir. 2000) (citation and internal quotation marks omitted); *see, e.g., J.P. Silverton Indus. LP v. Sohm*, 243 F. App'x 82, 89 (6th Cir. 2007) (because defendant merely performed a non-discretionary ministerial act in selling a property as ordered by the judge, he was entitled to absolute quasi-judicial immunity) ("Officials must not be called upon to answer for the legality of decisions which they are powerless to control . . . . Denying these officials absolute [quasi-judicial immunity] for their acts would make them a lightning rod for harassing litigation aimed at judicial orders.") (citations omitted).

Therefore, Morrison is absolutely immune from suit in this court for her actions or inaction with respect to the filing of Jonaitis's documents and the scheduling of a desired hearing in his state-court criminal case:  "When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction." *Harris v. Suter*, 3 F. App'x 365 (6th Cir. 2001) (per curiam) (Boggs & Moore, JJ., and Bell, U.S.D.J.) (citing *Mullis v. U.S. Bankr. Ct. for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987)).

This conclusion is directly supported by ample persuasive authority from our Circuit over at least the past two decades.  *See, e.g., Carlton v. Baird*, 72 F. App'x 367 (6th Cir. 2003) (per curiam) (Daughtrey & Moore, JJ., and Caldwell, U.S.D.J.) (state-court clerk's office employees were entitled to absolute quasi-judicial immunity from § 1983 suit arising out of their refusal to file a complaint that plaintiff tendered due to his failure to pay a complete filing fee) (citing *Johnson v. Turner*, 125 F.3d 324, 332 (6th Cir. 1997)); *Mwonyonyi v. Gieszl*, No. 89-5495, 895 F.2d 1414, 1990 WL 10713 (6th Cir. Feb. 9, 1990) (Milburn, Norris & Contie, JJ.) (per curiam) (deputy clerk of county district court was entitled to absolute quasi-judicial immunity from damages on claim that he refused to file a document submitted by the plaintiff); *Rodman v. Dalton*, No. 89-3011, 886 F.2d 1316, 1989 WL 113898 (6th Cir. Oct. 2, 1989) (Merritt, Ryan & Brown, JJ.) (per curiam) (state-court judge, clerk, and prosecutor were entitled to quasi-judicial immunity from damages for allegedly failing to file plaintiff's proposed criminal complaint and affidavit); *Jones v. Mossing*, No. 84-1778, 791 F.2d 933, 1986 WL 16812 (6th Cir. Apr. 25, 1986) (per curiam) (Wellford, Nelson & Edwards, JJ.) (state-court clerk was entitled to quasi-judicial immunity from damages on claim that he and the judge violated plaintiff's First and Fourteenth Amendment rights to due process, equal protection under the law, and access to the courts by refusing to file and acknowledge receipt of two civil complaints that he had mailed to the court ten months earlier); *White v. Wayne Ct. Ct. Clerks*, No. 07-cv-818, 2007 WL 4181566 (E.D. Mich. Nov. 27, 2007) (Cleland, U.S.D.J.) (state-court

clerks were entitled to quasi-judicial immunity against claim that they repeatedly refused to file plaintiff's pleadings or assign a judge to his cases); *Gilleylen v. Supreme Court Clerk Davis*, No. 1:05-cv-271, 2005 WL 2899469, *2-3 (W.D. Mich. Oct. 31, 2005) (Miles, J.) (state-court clerk was entitled to quasi-judicial immunity from claim that he violated plaintiff's constitutional due-process and equal-protection rights by refusing to docket a motion for extension of time in which to appeal).[5]

Given this disposition, the court need not and does not address the defendants' contentions that Jonaitis fails to state a claim upon which relief can be granted, that the court should abstain from exercising jurisdiction, that Judge Coyle is entitled to absolute judicial immunity, and that Morrison is entitled to qualified (non-judicial) immunity.

The court also declines to address the new issues and claims raised by Jonaitis for the first time in his brief opposing the defendants' motion. *See, e.g.,* Pl.'s Opp'n Br. at unnumbered page 2 (judge should

---

[5]

*Cf.* Sixth Circuit cases where the alleged violation of a state-court litigant's federal rights consisted of something *other than* a failure or refusal to file, process, or acknowledge documents submitted by that litigant:

*Cochran v. Munic. Ct. of City of Barberton, Summit Cty.*, 91 F. App'x 365, 366-67 (6th Cir. 2003) (court clerk was entitled to quasi-judicial immunity against claim that that clerk and others had violated plaintiff's right to a speedy trial in a state-court criminal case)

*Bradley v. US*, 84 F. App'x 492, 492-93 (6th Cir. 2003) (law clerk and court clerk were entitled to quasi-judicial immunity against claim that they and others deprived him of access to the courts by delaying the adjudication of his habeas corpus petition);

*Gallagher v. Lane*, 75 F. App'x 440 (6th Cir. 2003) (per curiam) (Gibbons & Sutton, JJ., and Tarnow, U.S.D.J.) (court clerk was entitled to "absolute quasi-judicial immunity" against claim that clerk and others had violate his Fourteenth Amendment due process rights by withdrawing funds from his prison trust account to defray court-ordered costs and medical-service copayments);

*Lyle v. Jackson*, 49 F. App'x 492 (6th Cir. 2002) (per curiam) (Boggs & Cole, JJ., and Bell, U.S.D.J.) (court clerks were entitled to quasi-judicial immunity from suit claiming that they failed to provide plaintiff with requested copies of previous filings and transcripts).

have recused himself); *id.* at unnumbered page 3 (prosecutor and judge had improper *ex parte* meetings before and after a hearing); *id.* at unnumbered page 4 ("The Prosecutor knowingly and intentionally overcharged me."); *id.* ("The Prosecutor simply ignored the MCR's and then later claim that it was because we had stayed in district court."). As our Circuit has made clear, a plaintiff may not omit a claim from his complaint and then attempt to raise it for the first time in a motion brief. *See Davison v. Cole Sewell Corp.*, 231 F. App'x 444, 450-51 (6th Cir. 2007) (Griffin, J.) ("[D]efendants . . . argue that such a tort was not pleaded in plaintiff's complaint. Rather, the first time that plaintiff mentioned the issue was in her response brief in opposition to defendant's motion for summary judgment. * * * Defendants are correct . . . . Generally, a plaintiff may not raise a claim . . . for the first time in opposition to a defendant's motion for summary judgment.").

## ORDER

For the reasons stated above, the defendants' motion to dismiss the complaint [document #3-1] is **GRANTED**.

The defendants' alternative motion for summary judgment [document #3-2] is **DENIED as moot.**

**This is a final and appealable order**.

IT IS SO ORDERED THIS 14th day of January 2008.

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge